HOPKINS MASTODIN IRON, MINING & MANUFACTURING COAL COMPANY *v.* D. R. BURBANK.

APPEAL FROM HENDERSON CIRCUIT COURT.

March 7, 1872.

**Process—Summons—How Executed on Company.**

The officer's return is—"Executed by delivering to Joel Lambert a true copy of the within summons."

**Held,** that this is not such service on the company as is required by law.

OPINION OF THE COURT BY JUDGE PRYOR:

The judgment in this case, as originally rendered, if not void was certainly erroneous, and would have been reversed on an appeal to this court.

The execution of the summons upon Joel Lambert was no evidence that Joel Lambert was president of the company against whom this suit was instituted. The officer's return is, "Executed by delivering to Joel Lambert a true copy of the within summons," when the suit is against the Hopkins, Mastodin Coal Company, etc. This is not such a service of a summons upon the company as provided by law.

The appellants failing to answer the petition, a judgment by default was rendered against them, and in a few days thereafter, and during the term at which this judgment was given, the appellant moved to set aside the judgment in order that an answer might be filed in which they offer to plead payment. This plea is unfiled by Joel Lambert, who in reality was then president of the company.

When this motion was made by the appellant, the appellee proved by Joel Lambert that he was in fact president of the company, and this fact is made to appear in the bill of evidence, and no doubt caused the court to refuse the filing of the answer.

It seems to us that if the testimony offered and heard upon the motion to file the answer had the effect to cure the judgment already rendered, and which judgment was clearly erroneous, without evidence upon the record showing that Lambert was the president of the company, the court ought to have permitted the answer to be filed. This answer is unfiled by the witness, with

the additional statement made by him under oath that this debt of the appellee had been fully paid by the company.

The appellee was in no condition to have sustained his judgment in this court, without the evidence heard upon the motion of the appellant to file the answer.

The judgment is reversed and the cause remanded with directions to permit the appellant to file the answer and for further proceedings consistent herewith.

*James, for appellant.*

*Vance & Merritt, for appellee.*